UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RORY HILL, individual, on behalf of themselves and all others similarly situated, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:15-cv-00204-JD-SLC |
| MEDICAL INFORMATICS ENGINEERING, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

The Court has reviewed, *sua sponte*, the allegations of federal subject matter jurisdiction in this case. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." (citations omitted)).

This case was filed by Plaintiffs Rory Hill, Nicole Hill, and Dawn McLaughlin as individuals and on behalf of themselves and all others similarly situated in the district court based on diversity jurisdiction in a class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (DE 1). The complaint alleges that Plaintiffs Rory Hill, Nicole Hill, and Dawn McLaughlin are "natural persons and residents of the State of Indiana" and that Defendant Medical Informatics Engineering, Inc., "is an Indiana corporation located at 6302 Constitution Drive, Ft. Wayne, Indiana 46804." (DE 1 ¶¶ 5-7).

Plaintiffs' complaint is inadequate with respect to diversity jurisdiction under CAFA. First, Plaintiffs fail to allege their own citizenship. The "residency" of a plaintiff is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (alteration in original) (quoting *Guar. Nat'l Title Co.*, 101 F.3d at 58); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised as to each of the named Plaintiffs' citizenship, not residency.

Second, the complaint alleges that Defendant is a corporation, but fails to properly allege its citizenship. Corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v.*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

2

*Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Therefore, if Defendant is a corporation, the Court needs to be informed of the location of its incorporation as well as its principal place of business.

Additionally, while Plaintiffs have alleged that subject matter jurisdiction exists under CAFA, Plaintiffs have not properly pleaded the required elements for CAFA jurisdiction. CAFA gives the district courts original jurisdiction over civil class action lawsuits if "the general requirements for CAFA jurisdiction are met: minimal diversity exists between the parties, the class exceeds 100 members, and . . . the amount in controversy exceeds $5 million . . . ." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (citations omitted); *see* 28 U.S.C. § 1332(d)(2), (5); *see also Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Plaintiffs allege, in their complaint, that this Court has jurisdiction pursuant to CAFA over this matter "because(a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under the subsection apply to this action." (DE 1 ¶ 8). Plaintiffs do not allege the number of class members in the jurisdictional section of the complaint, but they do state in the "class allegations" section of the complaint that "[t]he exact number of the members of the Class is unknown to Plaintiffs at this time, but on information and belief, there are over 100 people in the Class, making joinder of each individual member impracticable." (DE 1 ¶ 22).

"Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d

3

1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004). Thus, Plaintiffs' allegation in the complaint, that based "on information and belief, there are over 100 people in the class," is insufficient to establish federal jurisdiction under CAFA.

As the party seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that CAFA's requirements have been met. *Appert*, 673 F.3d at 617 (citations omitted) ("The party invoking federal jurisdiction bears the burden of demonstrating its existence."). Plaintiffs must therefore amend their complaint to properly allege their own citizenship as well as that of Defendant, and Plaintiffs must amend to properly allege the number of class members. Accordingly, Plaintiffs are afforded up to and including August 19, 2015, to file an amended complaint that properly articulates the citizenship of each party as well as the number of class members. Failure to do so may result in dismissal of this case under Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED.

Enter for this 6th day of August 2015.

S/ Susan Collins  
Susan Collins  
United States Magistrate Judge